# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-112V
Filed: October 31, 2017
UNPUBLISHED

| | |
|---|---|
| JEAN LALLENSACK,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 25, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury caused-in-fact by her October 23, 2014 influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 9, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On October 31, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $85,662.50. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $85,662.50 in the form of a check payable to petitioner, Jean Lallensack.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                  **s/Nora Beth Dorsey**
                                  Nora Beth Dorsey
                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| JEAN LALLENSACK, | ) | |
|  | ) | |
| Petitioner, | ) | |
|  | ) | No. 17-112V |
| v. | ) | Chief Special Master Dorsey |
|  | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
|  | ) | |
| Respondent. | ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $85,662.50 which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $85,662.50 in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division


  s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3665

Date:      October 31, 2017